VIRGINIA:

FILED
CIVIL INTAKE

2012 MAY 21 AM 11: 35

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

MOHAMMAD MUNIR HUSSAIN
13796 Merrybrook Court, Apt. 103
Herndon, Virginia 20171

      Plaintiff

v.

COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, Washington 98027

Serve on Registered Agent:
CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060

2012 07703

Case No.: _____

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

SERVE: COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, Washington 98027

Serve on Registered Agent:
CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060

COMES NOW, the Plaintiff, MOHAMMAD MUNIR HUSSAIN, by counsel, for his Complaint, seeking judgment and award of execution against the Defendant, COSTCO WHOLESALE CORPORATION, states as follows:

1. The Plaintiff is a resident of Herndon (Fairfax County), Virginia.

2. The Defendant, COSTCO WHOLESALE CORPORATION, is a State of Washington corporation doing business in Virginia, and was at all times relevant hereto the owner, operator

2162106.1 40807/116241 03/15/2012


EXHIBIT A

and/or manager of a membership warehouse club located at 14390 Chantilly Crossing Lane, Chantilly (Fairfax County), Virginia 20151.

3. The Defendant, COSTCO WHOLESALE CORPORATION, has a registered agent in the Commonwealth of Virginia, and regularly and systematically engages in substantial business activity in Fairfax County, Virginia, especially since it has a membership warehouse club located at 14390 Chantilly Crossing Lane in Chantilly.

4. On or about July 14, 2011, the Defendant owned, operated, managed, maintained, leased and/or otherwise controlled the membership warehouse club in Chantilly, Virginia.

5. On or about July 14, 2011, the Plaintiff was lawfully on the premises and a member of the warehouse club and was then and there, and at all times material hereto, in the status of an invitee.

6. On or about July 14, 2011, at approximately 2:00 p.m., the Plaintiff was walking in the Food Court area towards the front exit/entrance of the membership warehouse club.

7. As the Plaintiff walked in the Food Court area he was caused to fall because of a slippery and unsafe condition in the Food Court area that allegedly occurred earlier when another customer spilled a large amount of liquid on the floor and then left the membership warehouse club.

8. The Defendant, through agents, servants and/or employees, caused the slippery and unsafe condition to exist; failed to put any warnings in place to warn of the unsafe condition; failed to maintain its premises in a reasonably safe condition; failed to correct unsafe conditions; and failed to act with ordinary care and in such a manner so as not to injure its invitees.

9. The Plaintiff slipped on a slippery surface that was not properly marked nor otherwise made safe by agents, servants and/or employees of the Defendant.

2

10. The condition of the Food Court on or about July 14, 2011, was in violation of the provisions, especially the maintenance provisions, of the applicable local, state, national, and international building codes to maintain routes of ingress and egress in a safe condition.

11. The Plaintiff's fall was directly and proximately caused by carelessness, recklessness and negligence of the agents, servants and/or employees of the Defendant in the inspection, cleaning, maintenance and management of the subject Food Court area.

12. The Defendant negligently failed to provide the Plaintiff a safe place to walk; negligently created a dangerous condition; and negligently permitted a dangerous condition to exist in the Food Court area of the membership warehouse club, and negligently failed to warn the Plaintiff of the dangerous condition.

13. The Plaintiff's fall was directly and proximately caused by carelessness, recklessness and negligence of the Defendant.

14. The Defendant was negligent per se.

15. The Plaintiff was not contributorily negligent.

16. The Plaintiff did not assume the risk of injury.

17. As a direct and proximate result of the Defendant's negligence, the aforementioned accident occurred and the Plaintiff suffered the following damages: severe and permanent injuries; physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which he may be reasonably expected to suffer in the future; permanent disability; and has otherwise been damaged.

18. The Plaintiff did not fail to mitigate his injuries.

3

19. The Plaintiff reserves the right to amend this Complaint, including adding any additional claims and/or parties, during discovery and up until trial based on additional information obtained during any further investigation and/or discovery.

WHEREFORE, the Plaintiff, MOHAMMAD MUNIR HUSSAIN, respectfully prays for judgment and an award of execution against the Defendant, COSTCO WHOLESALE CORPORATION, in the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) plus pre-judgment interest from July 14, 2011, plus costs and such other relief as may be warranted.

MOHAMMAD MUNIR HUSSAIN,

By: *[signature]*
David Rosenblum
VSB NO.: 19974
ROSENBLUM & ROSENBLUM, LLC
228 South Washington Street, Suite 300
Alexandria, Virginia 22314
703/548-9002
703/548-8774 Fax
david@rosenblumllc.com

By: *[signature]*
Eric N. Schloss
VSB NO.: 48749
GORDON FEINBLATT LLC
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4261
410/576-4034 Fax
eschloss@gfrlaw.com

Attorneys for Plaintiff

4

COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Mohammad Munir Hussain vs. Costco Wholesale Corporation

CL-2012-0007703

TO: Costco Wholesale Corporation
Serve: CT Corporation System RA
4701 Cox Road Suite 301
Glen Allen VA 23060

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on Tuesday, May 22, 2012.

JOHN T. FREY, CLERK

By: _Marlene R. Pelitano_
Deputy Clerk

Plaintiff's Attorney David Rosenblum