IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MOHAMMAD MUNIR HUSSAIN,          )
                                 )
       Plaintiff,                )
                                 )
v.                               )  Civil Action No. 1:12-cv-00662
                                 )
COSTCO WHOLESALE CORPORATION,    )
                                 )
       Defendant.                )

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Costco Wholesale Corporation's ("Costco") Motion for Summary Judgment. On July 14, 2011, Plaintiff Mohammad Munir Hussain ("Plaintiff") was visiting the Costco warehouse located in Chantilly, Virginia with his family. The weather that day was dry and sunny. Plaintiff had completed the checkout process and was headed for the exit of the store when his son asked for a bottle of water from the vending machine located next to the food court. Plaintiff stopped his shopping cart, turned right, took a few steps toward the vending machine, and slipped in a liquid substance and fell. Plaintiff was helped up by another customer and he proceeded to purchase a bottle of water from the vending machine and return to his family. Plaintiff did not see a Costco employee between the checkout and when he stopped his cart, or when he turned to walk towards the vending machines.

1

Elmahdy Elshear ("Elshear"), another Costco customer at the warehouse that day, was eating in the food court a few minutes prior to Plaintiff's fall. Elshear was seated at a table approximately fifteen to twenty feet from where the liquid was spilled and had an unobstructed view of the liquid spill as well as Plaintiff's fall. Elshear observed a small child spill what appeared to be water on the floor in the area that Plaintiff slipped and fell a few minutes later. Elshear did not see the adult female accompanying the child attempt to clean the spill or notify anyone in the store, nor did she observe a Costco employee in the vicinity.

In May 2012 Plaintiff brought a complaint in the Circuit Court for Fairfax County alleging negligence on the part of Costco. In June 2012, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(b).

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). That is, "[t]he moving party need not produce evidence, but simply can argue that there

is an absence of evidence" by which the nonmovant can prevail at trial. Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

In order to make out a claim for negligence Plaintiff must demonstrate Defendant had a duty that was breached. Virginia law requires that Plaintiff show Defendant "knew or should have known[] of the presence of the water that caused [his] fall and failed to remove it within a reasonable time or to warn of its presence. Turley v. Costco Wholesale Corp., 220 F. App'x 179, 182 (4th Cir. 2007)(quoting Ashby v. Faison & Assocs., Inc., 247 Va. 166, 440 S.E.2d 603, 605 (1994)).

Plaintiff alleges that Costco had a duty to maintain the food court area in a safe condition and that his fall was directly and proximately caused by the negligence of the employees of Costco in failing to inspect and maintain the food court area within the Chantilly Costco. Plaintiff also alleges that Costco failed to provide a safe place to walk, negligently created and permitted a dangerous condition, and failed to warn of the dangerous condition.

The undisputed evidence is a young child spilled a liquid substance on the floor a few minutes prior to Plaintiff's fall. Plaintiff has no evidence that indicates that any Costco employee actually knew the liquid had been spilled on the floor, or any evidence to suggest that the liquid was there long enough that Costco should have discovered it. There is no evidence that Costco customers regularly spill liquids in the food court area causing a dangerous condition. There is no evidence of the

breach of any duty by the Defendant and thus the Plaintiff cannot make a showing of negligence and summary judgment should be granted.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
April 12, 2013